UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANNE O'MALLEY-GORDON and
FRANK GORDON,

    Plaintiffs,

v.                            Case No: 2:18-cv-533-FtM-29NPM

UNITED STATES OF AMERICA,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on review of defendant's Motion to Dismiss (Doc. #33) filed on June 26, 2019. Plaintiffs filed a Response (Doc. #35) on July 10, 2019. For the reasons set forth below, the motion is granted.

**I.**

According to the First Amended Complaint (Doc. #32): On June 7, 2016, Anne O'Malley-Gordon sought medical care at the Lee County Veteran's Administration Health Center (Lee County VA) in Cape Coral, Florida. (Id. ¶ 14.) While at the Lee County VA, Ms. O'Malley-Gordon noticed a group of Lee County VA employees "talking and laughing very loudly and not doing any work." (Id. ¶ 15.) Ms. O'Malley-Gordon "became aggravated at this sight," and she took a picture of the employees with her phone and sent the picture to her husband, Frank Gordon. (Id. ¶¶ 15-16.) As she was leaving

the area, Ms. O'Malley Gordon was confronted by Officers Reynolds and Da Costa of the Department of Veterans Affairs Police Department. (Id. ¶¶ 18, 23.)

Officer Reynolds asked Ms. O'Malley-Gordon to show him her "'legal ID'" and asked Ms. O'Malley-Gordon "if she had taken a picture." (Id. ¶¶ 18-19.) When Ms. O'Malley-Gordon admitted that she had taken a picture of the employees, Officer Reynolds told Ms. O'Malley-Gordon that "she had broken 'the law'" and "would have to pay a $50.00 fine and court costs of $25.00." (Id. ¶¶ 20-21.) Officer Reynolds then became "combative" with Ms. O'Malley-Gordon and told her, "'[g]ive me that phone. I need to confiscate it. You are going to delete that photo now or I will.'" (Id. ¶ 24.)

When Ms. O'Malley-Gordon "asked what she needed to do to not be charged," Officer Reynolds stated that Ms. O'Malley-Gordon "needed to have [Mr. Gordon] come to the scene and prove that he deleted the photograph from his phone, since [Ms. O'Malley-Gordon] had texted it to him." (Id. ¶¶ 29-30.) Ms. O'Malley-Gordon "complied and called [Mr. Gordon]." (Id. ¶ 31.) Ms. O'Malley-Gordon then asked Officer Reynolds to return her driver's license, but "Officer Reynolds refused, stating he had called for a background check on her." (Id. ¶ 31.) Ms. O'Malley-Gordon "stated she had done what was asked of her and that she felt [Officer Reynolds'] continued actions and attitude toward her constituted

2

harassment." (Id. ¶ 38.) At that point, "Officer Reynolds became enraged and stated he was going to give Ms. O'Malley-Gordon a citation." (Id. ¶ 39.) Officer Reynolds then issued Ms. O'Malley-Gordon a citation for "'unauthorized photography on premises'" in violation of 38 CFR § 1.218(b)(23). (Id. ¶¶ 43, 54.)

When Mr. Gordon arrived at the Lee County VA, Officer Reynolds "quickly approached him and got into his face." (Id. ¶ 47.) Officer Reynolds stated to Mr. Gordon, "'if you don't delete that photo now, I am going to arrest you.'" (Id. ¶ 50.) Mr. Gordon ultimately deleted the photograph. (Id. ¶ 53.)

## II.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (citations omitted). Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Iqbal, 556 U.S. at 679.

**III.**

On June 12, 2019, plaintiffs Anne O'Malley-Gordon and Frank Gordon (collectively, Plaintiffs) filed a five-count First Amended Complaint against the United States of America (Defendant). (Doc. #32.) Pursuant to the Federal Tort Claims Act, Plaintiffs assert claims against Defendant for malicious prosecution and abuse of process (Count I), false arrest of Ms. O'Malley-Gordon (Count II), false arrest of Mr. Gordon (Count III), violation of civil rights

4

(Count IV), and intentional infliction of emotional distress (Count V). Defendant now moves to dismiss Counts I, IV, and V of the First Amended Complaint.[1]

## A. The Abuse of Process Claim (Count I)

Count I asserts a claim against Defendant for abuse of process, alleging that Officer Reynolds issued Ms. O'Malley-Gordon a "citation merely for the improper purpose of harassing and intimidating her."[2] (Doc. #32, ¶ 70.) Defendant moves to dismiss Count I because Plaintiffs failed to state a legally sufficient cause of action. The Court agrees.

Under Florida law[3], the tort of abuse of process "involves the use of criminal or civil legal process against another primarily to accomplish a purpose for which it was not designed." Bothmann v. Harrington, 458 So. 2d 1163, 1169 (Fla. 3d DCA 1984).

---

[1] Plaintiffs concede that Count V fails to state a legally sufficient cause of action. (Doc. #35, p. 1.) Count V is thus dismissed without prejudice.

[2] Count I also asserts a claim for malicious prosecution, which is an independent cause of action under Florida law. See Verdon v. Song, 251 So. 3d 256, 258 (Fla. 5th DCA 2018)("[A]buse of process and malicious prosecution are two separate and distinct torts."). Defendant does not move to dismiss the malicious prosecution claim.

[3] This analysis is governed by Florida law because, as discussed further *infra*, the Federal Tort Claims Act only "provide[s] redress for ordinary torts recognized by state law." Ochran v. United States, 273 F.3d 1315, 1317 (11th Cir. 2001)(citation and quotation omitted).

5

The elements of a claim for abuse of process are "(1) an illegal, improper, or perverted use of process by the defendant; (2) an ulterior motive or purpose in exercising the illegal, improper, or perverted process; and (3) damage to the plaintiff as a result of the defendant's action." Valdes v. GAB Robins N. Am., Inc., 924 So. 2d 862, 867 (Fla. 3d DCA 2006)(citation omitted).

"The abuse consists not in the issuance of process, but rather in the perversion of the process after its issuance." Peckins v. Kaye, 443 So. 2d 1025, 1026 (Fla. 2d DCA 1983); see also Della-Donna v. Nova Univ., Inc., 512 So. 2d 1051, 1056 (Fla. 4th DCA 1987)("[T]he tort of abuse of process is concerned with the improper use of process after it issues."). Thus, to state a claim for abuse of process, a plaintiff must allege "a[] post-issuance abuse of process." Whitney Info. Network, Inc. v. Gagnon, 353 F. Supp. 2d 1208, 1212 (M.D. Fla. 2005).

Here, Defendant argues, and the Court agrees, that Plaintiffs have failed to state a claim for abuse of process because Plaintiffs have not alleged a misuse of process after Officer Reynolds' issuance of the citation.[4] Although Plaintiffs assert that "Defendant continued its prosecution of" Ms. O'Malley-Gordon and ultimately dismissed the citation (Doc. #35, p. 6), Plaintiffs

---

[4] "The parties agree the process in this matter is the citation issued by" Officer Reynolds. (Doc. #35, p. 5; Doc. #33, p. 5.)

6

allege no facts indicating any "improper use of process after [the citation] issue[d]." Della-Donna, 512 So. 2d at 1056.[5] Count I's claim for abuse of process is therefore dismissed without prejudice.

**B.   The Violation of Civil Rights Claim (Count IV)**

Count IV is titled as a claim for "violation of civil rights." (Doc. #32, p. 13.)  It asserts that Defendant's failure "to instruct, supervise, control and/or discipline" Officers Reynolds and Da Costa "caused or substantially contributed to the violation of Plaintiffs' First, Fourth, and Fourteenth Amendment rights" during the encounter at the Lee County VA. (Id. ¶ 91.)  Defendant moves to dismiss Count IV, arguing it is barred by sovereign immunity.

Sovereign immunity "is the privilege of the sovereign not to be sued without its consent." Va. Office for Prot. & Advocacy v. Stewart, 563 U.S. 247, 253 (2011).  Absent waiver, "sovereign immunity shields the Federal Government and its agencies from

---

[5] The Court disagrees with Plaintiffs' contention that the post-issuance requirement in abuse of process claims is inapplicable in cases involving underlying criminal infractions. See Pottinger v. City of Miami, 810 F. Supp. 1551, 1566-69 (S.D. Fla. 1992)(Although the city "used the arrest process for the ulterior purpose of driving the homeless from public areas . . . such conduct is not actionable [in an abuse of process claim] without proof of some 'post-issuance' act.").

suit." F.D.I.C. v. Meyer, 510 U.S. 471, 475 (1994)(citations omitted). The Federal Tort Claims Act (the FTCA) "waive[s] the sovereign immunity of the United States for certain torts committed by federal employees." Id. (citation omitted). In particular, the United States has waived its sovereign immunity "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b)(1). The FTCA's "reference to the 'law of the place' means law of the State" where the act occurred. Meyer, 510 U.S. at 478 (citations omitted).

Here, to the extent that Count IV asserts a claim for violation of Plaintiffs' First, Fourth, and Fourteenth Amendment rights, the Court finds that Count IV is barred by sovereign immunity because the United States has not waived such immunity for constitutional tort claims. See Bloodworth v. United States, 623 F. App'x 976, 980 (11th Cir. 2015)("Constitutional tort claims are not cognizable under the FTCA because . . . the United States has not waived its sovereign immunity for such claims through the FTCA." (citation omitted)); McCollum v. Bolger, 794 F.2d 602, 608 (11th Cir. 1986)("Federal constitutional torts [] are not within the scope of the FTCA . . . [because] "[b]y definition, constitutional torts are not based on state law.").

In their Response, however, Plaintiffs argue that they "are not seeking judgment against the United States . . . directly for violations of the United States Constitution." (Doc. #35, p. 3.) Plaintiffs thus argue Defendant has waived its sovereign immunity over Count IV pursuant to 28 U.S.C. § 2680(h).[6] To the extent that Count IV does not allege a constitutional tort claim, the Court is unable to determine the cause of action asserted in Count IV, as Florida law does not recognize a general cause of action for "violation of civil rights." See Ochran, 273 F.3d at 1317 (The FTCA "provide[s] redress for ordinary torts recognized by state law" because it was "not intended as a mechanism for enforcing federal statutory duties." (citations and quotation omitted)).

Because the cause of action asserted in Count IV is unclear, the Court cannot determine whether Section 2680(h) applies and establishes subject matter jurisdiction in this case. Count IV is therefore dismissed without prejudice. Erickson v. Pardus, 551 U.S. 89, 93 (2007)(A complaint must "give the defendant fair notice of what the . . . claim is." (citations and quotations omitted)); Ochran, 273 F.3d at 1317 ("[U]nless the facts support liability

---

[6] Section 2680(h) provides that the United States has waived its sovereign immunity where a claim "aris[es] . . . out of assault, battery, false imprisonment, false arrest, abuse of process, or malicious prosecution" and is related to "acts or omissions of investigative or law enforcement officers of the United States Government."

9

under state law, [a] district court lacks subject matter jurisdiction to decide an FTCA claim." (citation omitted)).

Accordingly, it is now

**ORDERED:**

1. Defendant's Motion to Dismiss (Doc. #33) is **GRANTED**.

2. The abuse of process claim in Count I is **dismissed without prejudice**.

3. Count IV is **dismissed without prejudice**.

4. Count V is **dismissed without prejudice**.

5. Plaintiffs may file an amended complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this ___25th___ day of September, 2019.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies: Counsel of record