UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANNE O'MALLEY-GORDON and
FRANK GORDON, individually and
as husband and wife,

        Plaintiffs,

v.                              Case No. 2:18-cv-533-FtM-29NPM

UNITED STATES OF AMERICA,

        Defendant.
_____/

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, the United States of America, submits the following Answer and Affirmative Defenses to Plaintiffs' First Amended Complaint ("Complaint"):

1. Paragraph 1 is a statement of jurisdiction to which no response is required. To the extent a response is required, the United States admits generally that jurisdiction is proper.

2. Paragraph 2 is a statement of venue to which no response is required. To the extent a response is required, the United States admits generally that venue is proper.

3. The United States admits the allegations in paragraph 3.

4. The United States admits the allegations in paragraph 4.

5. The United States admits that Plaintiffs are seeking attorneys' fees and costs, but denies that recovery of attorneys' fees and costs are authorized by the Federal Tort Claims Act.

6. The allegations in paragraph 6 constitute conclusions of law to which no response is required. To the extent an answer is deemed required, the United States denies the allegations in paragraph 6.

7. The United States admits that the Department of Veterans Affairs received notice of Plaintiffs' claim on October 26, 2017 and that all administrative and notice requirements under the FTCA have been satisfied.

8. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 8.

9. The United States lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 9.

10. The United States admits the allegations in paragraph 10.

11. The United States denies the allegations in paragraph 11.

12. The United States admits the allegations in paragraph 12.

13. The United States admits that the VA Police have authority to enforce laws, rules, and regulations and make arrests on VA property.

14. Defendant admits only that Plaintiff O'Malley-Gordon arrived at the Lee County Veterans Administration Health Center in Cape Coral on June 7, 2016 and received a prescription from her primary care physician. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraph 14.

15. Defendant admits only that Plaintiff O'Malley-Gordon took a photograph of VA employees using her phone. All other allegations in paragraph 15 are denied.

16. Defendant admits only that Ms. O'Malley-Gordon sent a copy of the photograph to her husband via text message. Defendant lacks knowledge or information sufficient to form a belief about the truth of all other allegations in paragraph 16.

17. The United States denies the allegations in paragraph 17.

18. Defendant admits only that Lieutenant James Reynolds approached Plaintiff O'Malley-Gordon and requested identification.

19. The United States admits the allegations in paragraph 19.

20. The United States denies the allegations in paragraph 20.

21. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 21.

22. The United States admits only that Lieutenant Reynolds informed Ms. O'Malley-Gordon that she was prohibited from taking photographs on VA property.

23. The United States admits that Ms. O'Malley-Gordon was directed and accompanied to a sign outside the front entrance of the lobby.

24. The United States denies the allegations in paragraph 24.

25. The United States admits the allegations in paragraph 25.

26. The United States denies the allegations in paragraph 26.

27. Defendant admits that Lt. Reynolds held Plaintiff's driver's license until he completed filling out the citation and heard back from dispatch. Defendant denies that Plaintiff O'Malley-Gordon was surrounded by officers. Defendant lacks

knowledge or information sufficient to form a belief as to Plaintiff O'Malley-Gordon's state of mind.

28. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 28.

29. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff O'Malley-Gordon's state of mind.

30. Defendant admits only that Lieutenant Reynolds accepted Plaintiff O'Malley-Gordon's offer to have her husband come to the VA to prove he had deleted the photograph.

31. The United States admits that Ms. O'Malley-Gordon called her husband, but denies that she was ordered to do so by Lieutenant Reynolds.

32. Defendant admits that Lieutenant Reynolds held Plaintiff's driver's license until he completed filling out the citation and heard back from dispatch regarding outstanding warrants.

33. The United States admits the allegations in paragraph 33.

34. Defendant admits only that Plaintiff O'Malley-Gordon sat down in various chairs throughout the VA lobby.

35. The United States denies the allegations in paragraph 35.

36. The United States denies the allegations in paragraph 36.

37. The United States admits only that Ms. O'Malley-Gordon informed Lieutenant Reynolds that she deleted the photograph. Defendant lacks knowledge or information sufficient to form a belief about the truth of all other allegations in paragraph 37.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38.

39. Defendant admits only that Lieutenant Reynolds issued a citation to Plaintiff O'Malley-Gordon on June 7, 2016.

40. The United States denies the allegations in paragraph 40.

41. The United States admits that Ms. O'Malley-Gordon asked Lieutenant Reynolds not to issue a citation. The United States denies all other allegations in paragraph 41.

42. The United States admits that Lieutenant Reynolds wrote a citation.

43. The United States denies the allegations in paragraph 43.

44. Defendant denies ordering Plaintiff Gordon to appear at the VA. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 44.

45. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 45.

46. The United States admits the allegations in paragraph 46.

47. The United States denies the allegations in paragraph 47.

48. The United States denies the allegations in paragraph 48.

49. The United States denies the allegations in paragraph 49.

50. The United States denies the allegations in paragraph 50.

51. Defendant lacks knowledge or information sufficient to form a belief as to Plaintiff Gordon's state of mind. Defendant denies all other allegations in paragraph 51.

52.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52.

53.  Defendant admits only that Mr. Gordon deleted the photograph and that Lt. Reynolds did not cancel the citation.

54.  The United States admits the allegations in paragraph 54.

55.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 55.

56.  The United States denies the allegations in paragraph 56.

57.  The United States denies the allegations in paragraph 57.

58.  The United States denies the allegations in paragraph 58.

59.  The United States denies the allegations in paragraph 59.

60.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 60.

## COUNT I:  MALICIOUS PROSECUTION

61.  Defendant repeats its responses from paragraphs 1 through 23; 28; 35; 39 through 43; and 54 through 60.

62.  The United States admits the allegations in paragraph 62.

63.  The United States admits the allegations in paragraph 63.

64.  The United States denies the allegations in paragraph 64.

65.  The United States denies the allegations in paragraph 65.

66.  The United States denies the allegations in paragraph 66.

67.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 67.

68. The United States denies the allegations in paragraph 68.

69. The United States denies the allegations in paragraph 69.

70. The United States denies the allegations in paragraph 70.

71. The United States denies the allegations in paragraph 71.

72. The United States denies the allegations in paragraph 72.

The paragraph starting with "Wherefore" is Plaintiffs' prayer for relief that does not require a response. To the extent the Court requires a response, the United States denies the allegations in the paragraph starting with the word "Wherefore."

### COUNT II: FALSE ARREST/FALSE IMPRISONMENT OF ANNE O'MALLEY-GORDON

73. Defendant repeats its responses to paragraphs 1 through 46; 52; and 56 through 60.

74. The United States admits the allegations in paragraph 74.

75. Denied. The VA Police had probable cause to arrest Plaintiff O'Malley-Gordon for disorderly conduct and battery against a law enforcement officer.

76. The United States denies the allegations in paragraph 76.

77. The United States denies the allegations in paragraph 77.

78. The United States denies the allegations in paragraph 78.

79. The United States denies the allegations in paragraph 79.

The paragraph starting with "Wherefore" is Plaintiffs' prayer for relief that does not require a response. To the extent the Court requires a response, the United States denies the allegations in the paragraph starting with the word "Wherefore."

## COUNT III: WRONGFUL ARREST AND FALSE IMPRISONMENT OF FRANK GORDON

80. Defendant repeats its responses to paragraphs 1 through 16; 45 through 53; and 56 through 60.

81. The United States admits the allegations in paragraph 81.

82. The United States denies the allegations in paragraph 82.

83. The United States denies the allegations in paragraph 83.

84. The United States denies the allegations in paragraph 84.

85. The United States denies the allegations in paragraph 85.

86. The United States denies the allegations in paragraph 86.

## PRAYER FOR RELIEF

The remainder of the Complaint sets forth factual allegations supporting causes of action that were dismissed pursuant to the Court's September 25, 2019 Order and the Plaintiffs' prayer for relief for which no response is required. To the extent that the Court requires a response, the United States denies the remaining allegations set forth in the Complaint and denies Plaintiffs are entitled to the demands made in the prayer for relief.

## AFFIRMATIVE DEFENSES

Although discovery is ongoing, the following matters are raised at this time to give notice of defenses, affirmative defenses, and other matters that exist now or may arise after discovery and future investigation:

### FIRST DEFENSE

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' alleged injuries, harm and/or damages were not directly, actually, or proximately caused by an agent, servant, or employee of the United States.

### THIRD DEFENSE

Defendant's employees had probable cause to arrest Plaintiff O'Malley-Gordon with disorderly conduct and battery on a law enforcement officer.

### FOURTH DEFENSE

Plaintiffs' recovery is limited to the damages recoverable under the Federal Tort Claims Act, which does not provide for recovery of prejudgment interest or attorney's fees.

### FIFTH DEFENSE

In the event that Defendant is found to be negligent, which negligence is expressly denied, Defendant is entitled to an offset of all sums or monies paid or payable to Plaintiffs by any party or non-party to this action by settlement or judgment or through an agreement entered into by Plaintiffs.

### SIXTH DEFENSE

Defendants hereby specifically preserve any and all other defenses, not currently known, which it has or through discovery it learns may be applicable.

**WHEREFORE**, having fully answered all counts of the Complaint, Defendant prays that Plaintiffs take nothing by way of their Complaint, that the same be dismissed, and that judgment be awarded in favor of the Defendant,

together with costs and such other and further relief as the Court deems appropriate in this case.

                                    Respectfully submitted,

                                    MARIA CHAPA LOPEZ
                                  United States Attorney

By:   *s/ David P. Sullivan*
        DAVID P. SULLIVAN
        Assistant United States Attorney
        Florida Bar: 0111166
        2110 First Street, Suite 3-137
        Fort Myers, Florida 33901
        Telephone: (239) 461-2200
        Facsimile: (239) 461-2219
        Email: David.Sullivan3@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on November 19, 2019, I caused a true and correct copy of the foregoing to be filed with the Court using the Court's CM/ECF filing system, which will send an electronic notice of filing to:

April Goodwin, Esq.
April@Goodwin-Firm.com

 

*s/ David P. Sullivan*
DAVID P. SULLIVAN
Assistant United States Attorney